# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 22-1635V

|  |  |
|---|---|
| BARBARA FRIBUSH, | |
| Petitioner, | Chief Special Master Corcoran |
| v. | Filed: June 3, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## ORDER DENYING MOTION TO REDACT[1]

On November 2, 2022, Barbara Fribush filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccine on October 10, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. ECF No. 24.

On December 13, 2024, I issued a decision awarding Petitioner an amount based upon Respondent's proffer. ECF No. 37. Thirteen days later, on December 30, 2024, Petitioner filed a timely motion for redaction of the Decision. ECF No. 44. She requests

---

[1] Because this unpublished Order contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). To the extent Petitioner would seek redaction of any information contained in this Order, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

that I "redact her name to her initials throughout the December 17, 2024 Decision Awarding Damages, including her case caption." *Id.* at 4. Petitioner believes that disclosure of the information "would constitute an unwarranted invasion of [her] privacy, that [she] would like to avoid . . . [because it] details the type of injury [she] sustained from a vaccine, and the specific amount of compensation [she] was awarded." *Id.* at 4 (quoting Petitioner's sworn declaration).[3] Respondent did not file anything in reaction to the Motion.

## Legal Standards

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd,*123 Fed. Cl. 497 (2015) (denying a request to redact petitioner's name and description of illnesses). Generally, information provided in vaccine proceedings may not be disclosed without the written consent of the party providing the information. Section 12(d)(4)(A); Vaccine Rule 18(a). The Act requires disclosure of the decisions of the special masters or the court but provides for redaction of certain categories of information – "medical files and similar files" – but only if the disclosure of such information "would constitute a clearly unwarranted invasion of privacy." Section 12(d)(4)(B); *accord.* Vaccine Rule 18(b).

The Vaccine Rules allows the initials of a minor to be used in the petition's caption when filed. Vaccine Rule 16(b). Adult petitioners' names are not also afforded this automatic protection, but they may be redacted if the movant establishes proper grounds for so doing. *See generally W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440, 460-61 (Fed. Cl. 2011) *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013) (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *but see Langland v. Sec'y of Health & Hum. Servs.*, No. 07-0036V, 2011 WL 802695, at *7-8 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing). There is a notable public interest in knowing the vaccination and medical information related to a petitioner's injury but no public interest in knowing a petitioner's name. *A.K. v. Sec'y of Health & Human Servs.*, No. 09-0605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013).

---

[3] Along with her motion, Petitioner filed a sworn declaration filed under penalty of perjury as required by 28 U.S.C.A. § 1746.  Ex. 21, filed Dec. 30, 2024, ECF No. 42.

*W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*,100 Fed. Cl. at 460-61; *K.L.,* 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.,* 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-0312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's second request to redact only her name to initials which was accompanied by additional information regarding the potential harm she may suffer regarding her employment).

**Analysis**

Under the correct standard, a petitioner's general concern for privacy (of the kind shared by many claimants) is not a sufficient basis to warrant redaction. Claimants must instead make individualized showings, going beyond personal preferences, that persuasively establish why redaction is justified.

Here, Petitioner has not provided any explanation as to why the disclosure of her personally-identifiable information would be detrimental, rising to the level of an *unwarranted* invasion of privacy. No doubt she, like any other Vaccine Act claimant, would prefer even the basic medical and financial information contained in the Decision not be made available to the public. However, there is a notable public interest in understanding the basis for a damages determination. And there is a Program interest in avoiding the large-scale redaction of adults' names to initials or *Doe*, as the parties and Court rely on citing precedent that is readily recognizable and suitably differentiated from other cases in briefing and argument.[4] And most importantly, Petitioner has not provided any rationale, other than a general concern for privacy applicable to all vaccine petitioners, why the information should first be redacted.

---

[4] Unlike adult claimants, cases filed on behalf of a minor are required to be captioned using the minor initials only. Vaccine Rule 16(b).

3

## Conclusion

For the reasons set forth above, I hereby determine that Petitioner has not established grounds for redaction of the information she identified in the Decision issued on December 17, 2024, and I therefore **DENY** the Motion.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

4